IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02405-MJW

JOSEPH EDWARD MARTINEZ,

    Plaintiff,

v.

HARTFORD UNDERWRITERS
INSURANCE COMPANY,

    Defendant.

---

## STIPULATED PROTECTIVE ORDER [Docket No. 21-1]

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.

2.    DEFINITIONS

Party means any party to this action, including all of its officers, directors, employees, retained experts, and outside counsel (and their support staff).

Disclosure or Discovery Material means all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

Confidential Information means information (regardless of how generated, stored or maintained) or tangible things that a Producing Party believes in good faith qualify for protection under standards developed under Fed. R.Civ.P 26(c) and are designated as confidential.

Receiving Party means a Party that receives Disclosure or Discovery Material from a Producing Party.

1

Producing Party means a Party or non-party that produces Disclosure or Discovery Material in this action.

Designating Party means a Party or non-party that designates information or items as "CONFIDENTIAL."

Counsel means (i) attorneys and employees and support personnel at Wheeler Trigg O'Donnell LLP; and (ii) attorneys and employees and support personnel at Lee N. Sternal, P.C.

Expert means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained or contacted by a Party to serve as an expert witness or as a consultant in this action.

Professional Vendors means court reporters, videographers, interpreters, document reproduction companies and such other qualified persons otherwise unconnected to any Party but who are involved in taking testimony, copying documents, and the like and are working at the direction of or in cooperation with Counsel.

3. SCOPE

Certain information that each of Producing Party will provide to the other Receiving Party pursuant to Federal Rule of Civil Procedure 26, and any applicable local rules, in discovery and in depositions may contain information which a Producing Party believes, in good faith, is or contains confidential or proprietary information relating to the Parties' business, or concerns a Party or current or former employees of the Parties ("Confidential Information"), the disclosure of which may result in injury to a Producing Party's legitimate personal or business interests if made outside of the scope of this litigation. Confidential Information may include, but is not limited to, information which the Producing Party believes in good faith is commercially sensitive information not available to the opposing party or the Parties' competitors and information not publicly disseminated by the Parties. The Parties' stipulation to this Protective Order shall not in any way be construed as an agreement, admission, or stipulation by any Party that information designated or marked "Confidential" by a Producing Party constitutes confidential, proprietary, or trade secret information.

4. ACKNOWLEDGMENT OF LIMITATIONS

The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to limited information or items which a Producing Party believes, in good faith, are entitled to be designated as confidential. The Parties further acknowledge, as set forth in Sections 8 and 9, *infra*, that this Protective Order creates a challengeable entitlement to file Confidential Information under seal.

5. DESIGNATING PROTECTED MATERIAL

The Producing Party will stamp the word "Confidential" on all documents deemed in good faith to contain Confidential Information that are produced in discovery and next to the response to any interrogatory or request for admission that the Producing Party deems to contain Confidential Information.

6. DEPOSITION PROCEDURES

To the extent that the disclosure of Confidential Information is required in the course of depositions, the Parties agree to utilize the following procedure:

a. Any individuals not authorized under the terms of this Order to receive Confidential Information will be excluded from the room in which the deposition is conducted while Confidential Information is discussed (excluding a Party, which may be present in the room);

b. The portions of the deposition identified by the Parties as involving Confidential Information will be so designated by the reporter and will be subject to the terms of this Order.

7. REVIEWING PARTIES

Confidential Information produced by the Producing Party can be reviewed only by the Receiving Party, the Receiving Party's counsel of record including counsel's paralegal, secretarial and clerical employees who are assisting in the preparation and trial or appeal of this action ("Counsel"): witnesses or potential witnesses in this litigation; expert witnesses retained or contacted to assist the Parties in this litigation ("Experts"); court reporters, videographers, interpreters and other persons involved in recording deposition testimony in this litigation, as well as employees of copying and/or microfilming services who are involved with providing copying or microfilming services to Counsel for any party to this litigation ("Professional Vendors"); the Court and any persons employed by the Court whose duties require access to any confidential material; and any other individual authorized by the Producing Party or the Court.

The Receiving Party must provide a copy of this Order to any individual to whom Confidential Information is to be disclosed and each such individual will be bound by this Order. No Party or employee of a Party, nor any witness or expert will be permitted to review Confidential Information until that person has signed a non-disclosure agreement in the form attached hereto as Exhibit "A," certifying that he or she has received a copy of this Order and agrees to be bound by its terms. Individuals authorized to review Confidential Information shall not divulge the information, either verbally or in writing, to any other person, entity or government agency unless authorized by the Producing Party or by court order. Confidential Information may be used by the Receiving Party, its or his Counsel, witnesses or potential witnesses, and expert witnesses solely for purposes related directly to this litigation.

8.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

Waiver of Challenges

A Party waives its right to challenge a confidentiality designation by electing not to mount a challenge within fourteen days after the original designation is disclosed.

Meet and Confer

A Party that elects to initiate a challenge to a Designating Party's confidentially designation shall do so in good faith and shall begin the process by conferring directly with counsel for the Designating Party. In conferring, the challenging Party shall explain the basis for its belief that the confidentiality designation was not proper and shall give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to judicial intervention only if it has engaged in this meet and confer requirement.

Judicial Intervention

A Party that elects to press a challenge to a confidentiality designation after the meet and confer process may file and serve a motion under D.C.Colo.L.Civ.R 7.1 (and in compliance with D.C.Colo.L.Civ.R 7.2 ~~and 7.3, if applicable~~). *MJW 8-21-13*

9.  FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Confidential Information.

In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any pretrial proceedings or as evidence at trial, the information shall be filed under seal in accordance with the requirements of D.C.Colo.L.Civ.R 7.2 ~~and 7.3~~. *MJW 8-21-13*

10. FINAL DISPOSITION

At the conclusion of this litigation and any appeals associated therein, Confidential Information shall be handled in the manner prescribed in this Section 10. The Receiving Party's Counsel will collect all extracts, abstracts, charts, summaries, notes or copies made from Confidential Information and shall obtain from each recipient an affidavit in the form of Exhibit B attached hereto. The Receiving Party will have the option of immediately returning to the Producing Party all Confidential Information provided to the Receiving Party, including all extracts, abstracts, charts, summaries, notes or copies that have been prepared by the Receiving Party (unless otherwise privileged or protected as attorney work-product), its or his Counsel or Experts, and the portions of all transcripts of depositions and testimony that contain specific

4

discussion of Confidential Information or certifying that the Party or his or its Counsel has collected or destroyed all such Confidential Information and destroyed all copies thereof. The Receiving Party's counsel shall confirm in writing that they have complied with the requirements of this Section 10.

11. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

Disclosure or use of Confidential Information in a manner that is inconsistent with this Order, in addition to all other remedies available to the Producing Party, shall constitute contempt of court. The Producing Party shall have all rights and remedies provided by law for breach of the terms of this Protective Order.

12. APPLICABLE TO ALTERNATIVE DISPUTE RESOLUTION

This Order shall govern any Confidential Information disclosed in the course of any alternative dispute resolution associated with this case, including but not limited to mediation and arbitration.

GRANTED this 21st day of August, 2013.

BY THE COURT:

*[signature]*

United States Magistrate Judge
United States District Court

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

# EXHIBIT "A"

## NONDISCLOSURE AGREEMENT

I hereby acknowledge that I have read the Protective Order relating to Confidential Information entered in *Martinez v. Hartford Underwriters Insurance Company*, United States District Court for the District of Colorado, Civil Action No. 12-cv-02405-WJM-MJW, and agree to be bound by its terms.

_____
Signature

_____
Type or print name

_____
Address

_____

_____
Date

EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02405-WJM-MJW

JOSEPH EDWARD MARTINEZ,

    Plaintiff,

v.

HARTFORD UNDERWRITERS
INSURANCE COMPANY,

    Defendant.

---

## AFFIDAVIT

---

STATE OF _____   )
                                   ) ss.
COUNTY OF _____   )

    I, _____, being first duly sworn, depose and state as follows:

    1.    During the course of this civil action I received Confidential Information as that term is defined in the Stipulated Protective Order entered by the Court dated _____, 2013.

    2.    Concurrently with this Affidavit, I have destroyed or returned all Confidential Information, including all copies and any summaries, extracts, paraphrases or characterizations containing or referring to Confidential Information to the other Party to this case or its or his counsel of record.

    3.    Except in accordance with the above-referenced Stipulated Protective Order, I have not either personally or through any representatives kept or maintained any Confidential Information or any copies or summaries, extracts, paraphrases or characterizations containing or referring to Confidential Information.

_____
Signature

      The foregoing Affidavit was acknowledged, subscribed, and sworn to before me this ___ day of _____ , 20__, by _____.

                                                                _____
                                                                Notary Public

[SEAL]                                           My Commission Expires: _____