IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02405-MJW

JOSEPH EDWARD MARTINEZ,

Plaintiff,

v.

HARTFORD UNDERWRITERS INSURANCE COMPANY,

Defendant.

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that Defendant Hartford Underwriters Insurance Company's Unopposed Motion to Continue the Deposition of Plaintiff Joseph E. Martinez (docket no. 26) is GRANTED. See below.

It is FURTHER ORDERED that Defendant Hartford Underwriters Insurance Company's Unopposed Motion to Take the Deposition of Joseph Ryan Martinez at the District Courthouse in Colorado Springs Under Certain Security Arrangements (docket no. 31) is GRANTED IN PART AND DENIED IN PART. See below.

It is FURTHER ORDERED that Defendant Hartford Underwriters Insurance Company's Motion for a Protective Order and to Shift the Cost of Deposition Discovery (docket no. 27) is GRANTED IN PART AND DENIED IN PART. See below.

The court finds that Plaintiff has not filed any timely response to the subject motion (docket no. 27) and therefore this motion (docket no. 27) is deemed confessed. This motion (docket no. 27) and motions (docket nos. 26 and 31) above are GRANTED as follows:

1. That Plaintiff Joseph E. Martinez's videotape deposition shall be reset. Such continued videotaped deposition of Joseph E. Martinez shall take place at the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294.  There will be courtroom security and a Deputy U.S. Marshal present during the continued videotape deposition of Joseph E. Martinez and such continued videotaped deposition will be held in one of the courtrooms at the Alfred A. Arraj United States Courthouse.  The Deputy U.S. Marshal is to direct where the parties and counsel should be

      seated during the continued videotaped deposition of Plaintiff Joseph E. Martinez;

2. That Plaintiff Joseph E. Martinez shall not engage during his continued videotaped deposition in any violent, menacing, threatening, hostile or belligerent conduct of any kind, whether verbal or physical;

3. That Plaintiff Joseph E. Martinez is ORDERED to answer all questions posed to him at his continued videotaped deposition completely, truthfully, and in non-combative and non-evasive fashion, with the sole exception of questions that he is instructed by his attorney not to answer pursuant to Fed. R. Civ. P. 30(c)(2);

4. That counsel for the parties shall contact Magistrate Judge Watanabe's chambers at 303-844-2403 to clear a date for the continued videotaped deposition Plaintiff Joseph E. Martinez and the deposition of Joseph Ryan Martinez.  The continued videotaped deposition of Plaintiff Joseph E. Martinez and the deposition of Joseph Ryan Martinez shall take place **on the same day.**  All individuals involved in the depositions shall arrive at the courthouse by 7:45 a.m. on the scheduled day.  The deposition of Plaintiff Joseph E. Martinez shall begin promptly at 8:30 a.m. and end by 12:30 p.m.  Lunch shall take place from 12:30 p.m. to 1:00 p.m.  The deposition of Joseph Ryan Martinez shall take place from 1:00 p.m. to 5:00 p.m.  Due to the federal government shutdown, both depositions listed above shall take place on a Friday in order to use the U.S. Marshall Services and Court Security Officers during such depositions.  The parties shall immediately meet, confer, and contact Magistrate Judge Watanabe's chambers by October 18, 2013 and provide dates [i.e. Fridays] for such depositions.  The parties shall provide this court with a number of Fridays where counsel and the deponents listed above are available since this court, after receiving such dates, must check with our facilities coordinator Brenda Martinez to make a courtroom available for such depositions and must check with the U.S. Marshal to make sure they are also available;

5. That the same security arrangements as outlined in paragraph 1 for the deposition of Plaintiff Joseph E. Martinez shall be in place for the deposition of Joseph Ryan Martinez.  Further, Joseph Ryan Martinez is admonished as outlined in paragraphs 2 and 3; and

5. That the remainder of the relief sought in the above motions (docket nos. 16, 27 and 31) is DENIED.

Date: October 11, 2013