IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action 12-cv-02405-MJW

JOSEPH EDWARD MARTINEZ,

Plaintiff,

v.

HARTFORD UNDERWRITERS INSURANCE COMPANY,

Defendant.

---

**ORDER ON
DEFENDANT'S MOTION FOR NEW TRIAL
(Docket No. 58)**

---

**MICHAEL J. WATANABE
United Stated Magistrate Judge**

On May 15, 2014, the Court granted Defendant's Motion for Summary Judgment and denied Plaintiff's Motion for Partial Summary Judgment (Docket No. 54).  Plaintiff filed a Motion for a New Trial (Docket No. 58), which the Court construes as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e).  *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1186 n.5 (10th Cir. 2000).

This is a bad-faith insurance case.  Plaintiff and his adult son held a homeowners policy from Defendant; they made a claim on that policy following a burglary at Plaintiff's home.  Among the lost items was several thousand dollars' worth of commercial-grade welding equipment.  Unfortunately, the policy included a sub-limit capping coverage for business equipment to $2,500.  During Defendant's investigation, Plaintiff and his son made a number of factually incorrect statements—some of which related to the business-equipment sub-limit, and some did not.  Defendant initially paid a portion of

the claim but then voided the check and refused to pay, citing the misstatements and the policy's fraud clause.  Plaintiff sued to compel payment on his claim.  On summary judgment, the Court found no genuine factual dispute as to the misstatements, concluded that the misstatements were material as a matter of law, and held that Defendant was within its rights under the policy's fraud clause.

### Legal Standards

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.  Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (internal citation omitted).

A motion for reconsideration "is not at the disposal of parties who want to rehash old arguments." *Nat'l Bus. Brokers Ltd. v. Jim Williamson Prods., Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) (citations and quotations omitted).  Rather, such a motion is proper only "when the court has made a mistake not of reasoning but of apprehension" or "if there has been a significant change or development in the law or facts." *Rosenthal v. Dean Witter Reynolds, Inc.*, 945 F. Supp. 1412, 1420 (D. Colo. 1996) (quotations and citations omitted).  The new matters introduced in support of the motion must be "substantially different" than what was presented before, *Bowe v. SMC Elec. Prods., Inc.*, 945 F. Supp. 1482, 1483 (D. Colo. 1996), so as to constitute "facts or law of a strongly convincing nature" compelling the reversal of the prior decision.  *See Nat'l Bus.*

3

*Brokers*, 115 F. Supp. 2d at 1256.  As with motions for reconsideration in general, a

motion to alter or amend under Rule 59(e) "is not intended to allow the parties to

relitigate previous issues, advance new theories, or rehear the merits of the case."

*Brinkman v. State of Kan., Dep't of Corrs.*, 869 F. Supp. 902, 904 (D. Kan. 1994).

### Discussion

Plaintiff urges two grounds for reconsideration.  First, he provides a purported

self-authenticating declaration under Federal Rule of Evidence 902(11), along with

treatment records from Plaintiff's physicians at the Department of Veterans Affairs

("VA").  He argues that the declaration is new, and that once added to previously

provided exhibits it raises a dispute of fact as to Plaintiff level of intent or knowledge

behind the misstatements.  Second, Plaintiff argues that the Court committed legal

errors that were manifestly unjust because they allow Defendant to void the entire

policy, not merely the business-equipment portion thereof.

### I.      Purported New Evidence

On summary judgment, Plaintiff argued that his factually incorrect statements

were not intentionally deceptive because he suffers from post-traumatic stress disorder

("PTSD"), causing memory loss and extreme agitation.  To support his argument,

Plaintiff provided a letter from a VA therapist describing his condition.  The Court's order

on summary judgment did not remark upon Plaintiff's condition, nor the therapist's letter.

Now, Plaintiff presents a Rule 902(11) declaration from a VA custodian of records along

with selected pages from his treatment records as new evidence.  He argues that the

4

declaration is new evidence, procured after the Court's order on summary judgment;

further, he argues that it helps establish the admissibility of his therapist's letter.

The Rule 902(11) declaration is not enough for reconsideration.  The declaration

itself is new, to be sure, but it merely establishes foundation for the underlying treatment

records—which Plaintiff's counsel has had since January 2014, at least two weeks

before the cross-motions for summary judgment were filed (*see* Docket No. 62-4, ¶1).  It

is the treatment records, not the foundation thereof, that are probative.  Further, the

Rule 902(11) declaration is not relevant at the summary-judgment stage; even without

the declaration, the treatment records would have been properly before the Court had

Plaintiff provided them.  *See Adams v. Am. Guarantee & Liability Ins. Co.*, 233 F.3d

1242, 1246 (10th Cir. 2000) (A party "does not have to produce evidence in a form that

would be admissible at trial, but the content or substance of the evidence must be

admissible.").  Finally, the records are Plaintiff's own treatment records.  Plaintiff has

been aware at least since Defendant's Answer was filed in September 2012 that

Defendant intended to assert fraudulent or false statements (*see* Docket No. 8, ¶16),

and Plaintiff has made no showing that these treatment records could not or should not

have been procured by Plaintiff prior to January 2014 through the exercise of due

diligence.  Procuring a Rule 902(11) declaration, to establish the foundation of records

previously in Plaintiff's possession, is insufficient to warrant reconsideration.

## II.     Purported Errors of Law

Plaintiff alleges two errors of law.  First, he argues that the Court did not correctly

interpret the business-equipment sub-limit, and therefore failed to recognize the

unresolved facts underlying its application.  However, the interpretation of the business-equipment sub-limit is not at issue in this case.  The dispositive question is whether the fraud clause applied; the sub-limit is relevant only insofar as it gives context to Plaintiff's material misstatements.  For misstatements to be "material," they need not significantly impact the outcome of the insurer's investigation; they need only bear on facts that "a reasonable insurance company, in determining its course of action, would attach importance to."  *Wagnon v. State Farm Fire & Cas. Co.*, 146 F.3d 764, 768 (10th Cir. 1998).  The Court held that Plaintiff's misstatements were material as a matter of law—and that holding stands, even if Plaintiff's interpretation of the sub-limit is right.  Further, Plaintiff already argued this point on summary judgment (*see* Docket No. 47, pp. 16–17).  Although Plaintiff now provides greater emphasis on the portion of the policy he relies on, he does not explain how the Court misapprehended the content of the policy. It is the same argument as before, based on the same facts as before, and it provides no grounds for reconsideration.

Second, Plaintiff argues that Defendant violated Plaintiff's reasonable expectations when it considered facts and statements not directly pertaining to the business-equipment sub-limit.  Plaintiff made a functionally identical argument in opposing summary judgment.  There, he argued that Defendant's act of initially paying part of Plaintiff's claim estopped Defendant from investigating, or from relying on misstatements relating to, anything other than the remaining business-equipment portion of his claim (*see* Docket No. 47, pp. 1–12).  Now, he argues that the same limit applies—not because of some sort of estoppel, but because of the "reasonable

6

expectations of the insured" principle for construing policy exclusions (*see* Docket No. 58, pp. 13–17; Docket No. 62, pp. 7–9).  Motions for reconsideration are not for rehashing old arguments, or presenting new ones.  Here, the Court has considered, and rejected, Plaintiff's argument that Defendant was not allowed to consider facts not relating to the business-equipment sub-limit when investigating Plaintiff's apparent fraud.  That Plaintiff has thought of a different way of presenting the same argument is insufficient to warrant reconsideration.

Finally, although Plaintiff finds it manifestly unjust that he be denied all coverage under his policy as a result of factual misstatements related to only one portion of it, the Court disagrees.  *See, e.g.*, *Am. Diver's Supply & Manuf. Corp. v. Boltz*, 482 F.2d 795, 798 (10th Cir. 1973); *Northwestern Nat. Ins. Co. v. Barnhart*, 713 P.2d 1360 (Colo. App. 1985).

## Conclusion

For the foregoing reasons, it is hereby ORDERED that Plaintiff's Motion for New Trial (Docket No. 58) is DENIED.  It is further ORDERED that the Clerk of Court should proceed to consider Defendant's proposed bill of costs (Docket No. 56; *see* Docket No. 60 (staying consideration of costs until motion for reconsideration is resolved)).


Dated:      October 6, 2014                    */s/ Michael J. Watanabe*
            Denver, Colorado                   Michael J. Watanabe
                                               United States Magistrate Judge